1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  LIANA MAYILYAN (SBN 295203)
   lmayilyan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6
   Attorneys for Defendant
7  Asset Acceptance, LLC

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 JESSIKA ALEXUS,                 )  CASE NO.: 4:14-cv-05154
                                   )
13         Plaintiff,              )
                                   )  **NOTICE OF REMOVAL**
14    vs.                          )
                                   )
15                                 )
16 ASSET ACCEPTANCE, LLC,          )
                                   )
17         Defendant.              )
                                   )

18

19

20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2   PLEASE TAKE NOTICE that defendant Asset Acceptance, LLC,

3   ("Defendant"), hereby removes to this Court the state court action described below.

4   1.   On September 15, 2014, a complaint was filed against Defendant by

5   Plaintiff Jessika Alexus ("Plaintiff"), in an action pending in Superior Court of the

6   State of California in and for the County of Contra Costa, entitled *Jessika Alexus v.*

7   *Asset Acceptance, LLC*, Case No. L14-03810.  A copy of the state court Summons

8   and Complaint ("Complaint") served on Defendant are attached hereto as **Exhibit A**.

9   2.   This removal petition is timely under 28 U.S.C. § 1446(b) because

10  Defendant was served on October 24, 2014, as reflected on the Service of Process

11  transmittal that is attached hereto as **Exhibit B**.

12  3.   This action is a civil action of which this Court has original jurisdiction

13  under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant

14  pursuant to the provisions of 28 U.S.C. § 1441(a), because the Complaint asserts

15  claims against Defendant arising under 15 U.S.C. § 1692, *et seq*.  *See* Exhibit A,

16  Complaint, ¶ 1.

17  4.   The Complaint was filed in the Superior Court of the State of California,

18  County of Contra Costa.  Venue in this District Court is proper.  *See* 28 U.S.C. §

19  1441(a) (providing for removal "to the district court of the United States for the

20  district and division embracing the place" where the state court action is pending); 28

21  U.S.C. § 84(b) (The Northern District comprises the counties of, *inter alia*, Contra

22  Costa).

23  5.   Defendant is represented by the undersigned.

24  //

25  //

26  //

27  //

28  //

1   DATED: November 21, 2014          SIMMONDS & NARITA LLP
                                      JEFFREY A. TOPOR
2                                     LIANA MAYILYAN

3
                                      By:   /s/Liana Mayilyan
4                                           Liana Mayilyan
                                            Attorneys for Defendant
5                                           Asset Acceptance, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASSET ACCEPTANCE, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSIKA ALEXUS



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

K. Cheshareck

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Contra Costa | CASE NUMBER: *(Número del Caso):* L14-03810 |
|---|---|

725 Court St.
Martinez, Ca 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: *(Fecha)* SEP 15 2014 | Clerk, by *(Secretario)* K. Cheshareck | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Asset Acceptance, LLC**

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. |
|---|---|---|

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name):* Plaintiff, Jessika Alexus | F I L E D<br>SEP 15 2016<br>*(clerk stamp)*<br>K. Cheshareck |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court St.
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, Ca 94553
BRANCH NAME:

CASE NAME:
Jessika Alexus v. Asset Acceptance, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | L 14-03810<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 6, 2014

Todd M. Friedman
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case (non-tort/non-complex)
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

FILED

STEPHEN H. CASH, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ Deputy Clerk
K. Cheshareck

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT ___34___

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF CONTRA COSTA
## LIMITED JURISDICTION

| | |
|---|---|
| JESSIKA ALEXUS, <br><br> Plaintiff, <br><br> vs. <br><br> ASSET ACCEPTANCE, LLC, <br><br> Defendant. | Case No. **L14-03810** <br><br> **COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, AND TELEPHONE CONSUMER PROTECTION ACT** <br><br> **(Amount not to exceed $10,000)** <br><br> 1. Violation of Rosenthal Fair Debt Collection Practices Act <br> 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's

violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*

(hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

(hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,

deceptive, and unfair practices.

## II. PARTIES

2.      Plaintiff, Jessika Alexus ("Plaintiff"), is a natural person residing in Contra Costa County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, Asset Acceptance, LLC ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.      Plaintiff reviewed her credit report and noticed that Defendant was reporting a delinquent account. Plaintiff had not previously heard from Defendant, so Plaintiff sent a letter to Defendant to request validation of the debt.

6.      Defendant failed to provide validation of the debt in response to Plaintiff's letter. Instead, on April 1, 2014, Defendant sent Plaintiff a letter offering a settlement of the debt.

7.      After receipt of Plaintiff's letter, Defendant began calling Plaintiff a few times a day, every other day. Plaintiff asked Defendant to stop calling her, but Defendant refused and continued to call her.

8.      When Plaintiff spoke to Defendant on the phone, Plaintiff again asked Defendant for validation of the debt.  Defendant refused and said that they do not need to validate the debt.

9.      On July 15, 2014, Plaintiff's counsel sent a written notice of representation and request for validation of the debt to Defendant.  Defendant has failed to respond to that request at this time.

10.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

b)   Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

c)   Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

d)   Causing Plaintiff telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

e)   Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)); and

f)   Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

11.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

13.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;

B.     Statutory damages for willful and negligent violations;

C.     Costs and reasonable attorney's fees,

D.     For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT
### COLLECTION PRACTICES ACT

14.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;

B.     Statutory damages;

C.     Costs and reasonable attorney's fees; and,

D.      For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 6th day of September, 2014.

By:     _____
        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff

## Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS

In <u>Limited Jurisdiction</u> Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
    a. The Complaint
    b. The Summons
    c. The Notice of Case Management Conference (shows hearing date and time)
    d. The Notice to Defendants (Local Court Form CV-659b)
    e. <u>Blank</u>: Case Management Statement (Judicial Council form CM-110)
    f. <u>Blank</u>: Issue Conference Statement  (Local Court Form CV-659c)
    g. <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-659d)
    h. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-659e)

> You may also fill out a Case Questionnaire for Limited Civil Cases (Judicial Council form DISC-010) to help organize your case information.  If you do, then you must serve the completed form and a blank copy of the form on the defendant(s).  Be sure to keep copies of everything you have served. You do not file this form at court.

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit *www.cc-courts.org/adr* or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.**  If all parties agree to use ADR, complete and file the <u>Stipulation to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

[1] *Health and Safety Code §11470 et seq.*
[2] *Including claims for emotional distress and/or wrongful death.*

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS
In <u>Limited Jurisdiction</u> Civil Actions

<u>YOU ARE BEING SUED.</u> The packet you have been served should contain:

a.    The Summons

b.    The Complaint

c.    The Notice of Case Management Conference (shows hearing date and time)

d.    <u>Blank</u>: Case Management Statement  (Judicial Council Form CM-110)

e.    <u>Blank</u>: Issue Conference Statement   (Local Court Form CV-659c)

f.    <u>Blank</u>: Stipulation to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-659d)

g.    Alternative Dispute Resolution (ADR) Information sheet  (Local Court Form CV-659e)

h.    <u>Blank</u> Case Questionnaire for Limited Civil Cases   (Judicial Council Form DISC-010)

        **NOTE:** If the plaintiff served a completed *Case Questionnaire* together with the blank form, you <u>must</u> fill out the blank form and serve it on the plaintiff.

---

 ## WHAT DO I DO NOW? 

<u>You must:</u>

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement (CM-110)*

3. **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response In 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court**   on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.
2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.
3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

NOTE: The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library:** Martinez: (925) 646- 2783     Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:  Time:  Dept.:  Div.:  Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐  a jury trial   ☐  a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:          f.   Fax number:
e.   E-mail address:          g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*




CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:
    b.  Reservation of rights: ☐ Yes ☐ No
    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**
    a.  ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
    a.  ☐ The party or parties have completed all discovery.
    b.  ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
        <u>Party</u>        <u>Description</u>        <u>Date</u>

    c.  ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:




CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

                                                                    ☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]

**DO NOT FILE WITH THE COURT**

**THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT**

DISC-010

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| PLAINTIFF *(Name)*: | CASE NUMBER |
| DEFENDANT *(Name)*: | |

## CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES
### (Under $25,000)

REQUESTING PARTY *(Name)*:

RESPONDING PARTY *(Name)*:

### —INSTRUCTIONS—

A. The purpose of the case questionnaire is to help the parties settle their differences without spending a lot of money. This is accomplished by exchanging information about the case early in the lawsuit. The exchange of case questionnaires may be started only by a plaintiff (or cross-complainant) in a limited civil case. The case questionnaire is optional, and if plaintiff (or cross-complainant) exercises the option, only this form may be used.

B. **Instructions for plaintiffs (and cross-complainants)**

1. Under Code of Civil Procedure section 93, a plaintiff (or cross-complainant) may serve a completed case questionnaire and a blank questionnaire with a complaint (or cross-complaint).

2. This is the only way you can require defendants (or cross-defendants) to serve you with a completed case questionnaire.

C. **Instructions for defendants (and cross-defendants)**

1. If you have been served with a completed case questionnaire by a plaintiff (or cross-complainant), then you must fill in the blank case questionnaire. Your completed case questionnaire must be served on that same plaintiff (or cross-complainant) with your answer to the complaint (or cross-complaint).

2. **THIS IS NOT AN ANSWER OR RESPONSE TO THE COMPLAINT.**

D. **Instructions for all parties**

1. **ALL QUESTIONS REFER TO THE INCIDENT OR AGREEMENT IN THIS LAWSUIT ONLY.**

2. Answer each question. If a question is not applicable, answer "NA."

3. Your answers are not limited to your personal knowledge, but you are required to furnish information available to you or to anyone acting on your behalf, whether you are a plaintiff, defendant, cross-complainant, or cross -defendant.

4. Type or legibly print your answer below each question. If you cannot completely answer a question in the space provided on the case questionnaire, check the "attachment" box and put the number of the question and the complete answer on an attached sheet of paper or form MC-025. You should *not* put part of an answer on the case questionnaire and part on the attachment. You may put more than one answer on each attached page.

5. When you have completed the case questionnaire, sign the verification and serve the original.

6. You may compel compliance with these requirements under Code of Civil Procedure section 93.

7. **DO NOT FILE THIS CASE QUESTIONNAIRE WITH THE COURT.**

Form Adopted for Mandatory Use
Judicial Council of California
DISC-010 [Rev. January 1, 2007]

**CASE QUESTIONNAIRE—FOR LIMITED CIVIL CASES**
**(Under $25,000)**

Code of Civil Procedure, § 93
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

## —QUESTIONS—

1.  FOR ALL CASES

    a. State your name and street address.

    b. State your current business name and street address, the type of business entity, and your title.

    c. Describe in detail your claims or defenses and the facts on which they are based, giving relevant dates.

    ☐ See attachment for answer number 1c.

    d. State the name, street address, and telephone number of each person who has knowledge of facts relating to this lawsuit, and specify his or her area of knowledge.

    ☐ See attachment for answer number 1d.

    e. Describe each document or photograph that relates to the issues or facts. You are encouraged to attach a copy of each. For each that you have described but not attached, state the name, street address, and telephone number of each person who has it.

    ☐ See attachment for answer number 1e.





**DO NOT FILE WITH THE COURT**                                    DISC-010

| PLAINTIFF *(Name):* | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* | |

1. f. Describe each item of physical evidence that relates to the issues and facts; give its location; and state the name, street address, and telephone number of each person who has it.

   ☐  See attachment for answer number 1f.

   g. State the name and street address of each insurance company and the number of each policy that may cover you in whole or part for the damages claimed.

   ☐  See attachment for answer number 1g.

2. FOR PERSONAL INJURY OR PROPERTY DAMAGE CASES

   a. Describe each injury or illness that you received and your present complaints about each.

   ☐  See attachment for answer number 2a.

   b. State the name, street address, and telephone number of each physician, dentist, or other health care provider who treated or examined you; the type of treatment; the dates of treatment; and the charges by each to date.

   ☐  See attachment for answer number 2b.

   c. Itemize the medical expenses you anticipate in the future.

   ☐  See attachment for answer number 2c.

   d. Itemize your loss of income to date, give the name and street address of each source, and show how the loss is computed.

   ☐  See attachment for answer number 2d.

| PLAINTIFF (Name): | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): | |

2. e. Itemize the loss of income you anticipate in the future, give the name and street address of each source, and show how the loss is computed.

☐ See attachment for answer number 2e.

f. Itemize your property damage, and state the amount or attach an itemized bill or estimate.

☐ See attachment for answer number 2f.

9. Describe each other item of damage or cost that you claim, and state the amount.

☐ See attachment for answer number 2g.

3. FOR CASES BASED ON AGREEMENTS

a. In addition to your answer to 1e, state all the terms and give the date of any part of the agreement that is not in writing.

☐ See attachment for answer number 3a.

b. Describe each item of damage or cost you claim, state the amount, and show how it is computed.

☐ See attachment for answer number 3b.

## VERIFICATION

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                _____
(TYPE OR PRINT NAME)                                                      (SIGNATURE)

 

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY/PRO PER FOR: | |

Superior Court of California, County of Contra Costa

☐ CONCORD   ☐ MARTINEZ   ☐ PITTSBURG   ☐ RICHMOND   ☐ WALNUT CREEK

PLAINTIFF:

DEFENDANT:

| **ISSUE CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|
| DATE: | DEPARTMENT: | TIME: |

Please provide a brief narrative statement regarding the following:

1) Description of your claims or defenses and facts and law on which they are based.  Include extent of injuries, contentions regarding liability, any unusual evidentiary or legal issues anticipated at trial, and all matters of fact believed by any party to be appropriate for stipulation.

2) All witness lists, which includes a brief statement of anticipated testimony.

3) Has previously stated estimated length of trial changed?  If yes, what is the estimated length of trial?

4)   An exhibit list, which includes a description of each item.

5)   A proposed statement of the case to be read to the jury.

Date: _____     _____     _____
                                TYPE OR PRINT NAME                SIGNATURE OF PARTY OR PARTY'S ATTORNEY




# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation_
### _(Limited Jurisdiction Civil Cases)_

CASE NO.: _____

> ▸ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SIGN AND FILE THIS FORM** AND THEIR CASE MANAGEMENT STATEMENTS **AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.**
> ▸ PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION** TO THE ADR OFFICE: FAX: (925) 957-5689  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1.  Selection and scheduling for Alternative Dispute Resolution (ADR):
    a. The parties have agreed to ADR as follows:
        i.  ☐ Mediation   (☐ Court-connected  ☐ Private)
        ii. ☐ Arbitration  (☐ Judicial Arbitration (non-binding)  ☐ Private (non-binding)  ☐ Private (binding))
        iii. ☐ Neutral case evaluation
    b. The ADR neutral shall be selected by (date): _____ (no more than 14 days after filing this form)
    c. ADR shall be completed by (date): _____ (no more than 90 days after filing this form)
2.  The parties will complete the following discovery plan:
    a. ☐ Written discovery:   (☐ Additional page(s) attached)
        i.   ☐ Interrogatories to: _____
        ii.  ☐ Request for Production of Documents to: _____
        iii. ☐ Request for Admissions to: _____
        iv.  ☐ Independent Medical Evaluation of: _____
        v.   ☐ Other: _____
    b. ☐ Deposition of the following parties or witnesses:   (☐ Additional page(s) attached)
        i.   _____
        ii.  _____
        iii. _____
    c. ☐ No Pre-ADR discovery needed
3.  The parties also agree: _____
4.  Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff _(print)_ | Fax | Counsel for Defendant _(print)_ | Fax |
| Signature | | Signature | |

> **THIS SECTION WILL BE COMPLETED BY THE COURT CLERK ONLY.**
> The Case Management Conference set for _____ is vacated and rescheduled for _____ at:
>      ☐ 8:30 a.m.      ☐ 1:30 p.m.      ☐ _____
> PLAINTIFF / PLAINTIFF'S COUNSEL MUST NOTIFY ALL PARTIES OF THE CASE MANAGEMENT CONFERENCE



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 3.900-3.910 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

SUPERIOR COURT – MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

ALEXUS VS. ASSET ACCEPTANCE

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSL14-03810

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  02/03/15      DEPT:  34      TIME:   8:45

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  09/17/14          _____
                               K. CHESHARECK
                               Deputy Clerk of the Court

Exhibit B



**CORPORATION SERVICE COMPANY**

NJH / ALL
Transmittal Number: 13096004
Date Processed: 10/24/2014

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Andrea Dickson-Rekasi<br>Asset Acceptance, LLC<br>28405 Van Dyke<br>Warren, MI 48093 |
| **Copy of transmittal only provided to:** | Carol Steury |

| | |
|---|---|
| **Entity:** | Asset Acceptance, LLC<br>Entity ID Number  2296024 |
| **Entity Served:** | Asset Acceptance, LLC |
| **Title of Action:** | Jessika Alexus vs. Asset Acceptance, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Contra Costa County Superior Court, California |
| **Case/Reference No:** | L14-03810 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/24/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Todd M. Friedman<br>877-206-4741 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com