JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LIANA MAYILYAN (SBN 295203)
lmayilyan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIKA ALEXUS,<br><br>    Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>    Defendant. | CASE NO.: 3:14-cv-05154-TEH<br><br>**ANSWER TO COMPLAINT** |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint ("Complaint") filed in this action by Plaintiff JESSIKA ALEXUS ("Plaintiff"):

1.   In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et seq.*, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.   In answering Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff is a natural person who resides in Contra Costa County, California, and on that basis, denies the allegation.  Defendant also lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692(a)(3) or whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h), and on that basis, denies the allegations.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.   In answering Paragraph 3 of the Complaint, Defendant admits that it has, at times, attempted to collect outstanding financial obligations using the mail.  Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), or whether Defendant acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and on that basis, denies the

1  allegations.  Except as herein admitted, the remaining allegations of Paragraph 3
2  are denied.
3      4.      In answering Paragraph 4 of the Complaint, Defendant admits that it
4  attempted to contact Plaintiff regarding an outstanding financial obligation.  Except
5  as herein admitted, the remaining allegations of Paragraph 4 are denied.
6      5.      In answering Paragraph 5 of the Complaint, Defendant lacks
7  knowledge or information sufficient to form a belief as to the truth of Plaintiff's
8  allegation that she, on an unspecified date, "reviewed her credit report and noticed
9  that Defendant was reporting a delinquent account."  Defendant admits that it
10 received an unsigned, untimely request for validation dated May 16, 2014,
11 purportedly from Plaintiff.  Except as herein admitted, the remaining allegations of
12 Paragraph 5 are denied.
13     6.      In answering Paragraph 6 of the Complaint, Defendant admits that it
14 sent a letter to Plaintiff dated April 1, 2014, the contents of which are self-
15 explanatory.  Except as herein admitted, the remaining allegations of Paragraph 6
16 are denied.
17     7.      Defendant denies the allegations in Paragraph 7 of the Complaint.
18     8.      Defendant denies the allegations of Paragraph 8 of the Complaint.
19     9.      In answering Paragraph 9 of the Complaint, Defendant admits that it
20 received a letter from Plaintiff's counsel dated July 15, 2014, the contents of which
21 are self-explanatory.  Except as herein admitted, the remaining allegations of
22 Paragraph 9 are denied.
23     10.     Defendant denies the allegations in Paragraph 10 of the Complaint,
24 including all subparts therein.
25     11.     In answering Paragraph 11 of the Complaint, Defendant denies all
26 allegations therein and denies that Plaintiff is entitled to any relief requested.
27 Except as herein admitted, the remaining allegations of Paragraph 11 are denied.
28     12.     In answering Paragraph 12 of the Complaint, Defendant

1  incorporates by reference its responses to Paragraphs 1 through 11 above as if
2  fully set forth herein.
3      13.   Defendant denies the allegations of Paragraph 13 of the Complaint.
4      14.   In answering Paragraph 14 of the Complaint, Defendant
5  incorporates by reference its responses to Paragraphs 1 through 13 above as if
6  fully set forth herein.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief she seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused

by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## TENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provisions of the FDCPA and RFDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

//
//
//

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has not suffered any "injury in fact" as a result of Defendant's alleged conduct and therefore lacks standing to sue.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: December 24, 2014        SIMMONDS & NARITA LLP
                                JEFFREY A. TOPOR
                                LIANA MAYILYAN

                                By: /s/ Liana Mayilyan
                                    Liana Mayilyan
                                    Attorneys for Defendant
                                    Asset Acceptance, LLC